UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CARDIAC PACEMAKERS, INC., GUIDANT SALES CORPORATION, ANNA MIROWSKI, and MIROWSKI FAMILY VENTURES, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> ST. JUDE MEDICAL, INC. and PACESETTER, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) CASE NO. 1:96-cv-01718-DFH-TAB ) ) ) ) ) ) |

ENTRY ON MOTION TO RECONSIDER ISSUE OF REASSIGNMENT

In this patent case, plaintiffs have moved for reconsideration of the question whether the case should be reassigned to another district judge after the remand by the United States Court of Appeals for the Federal Circuit.

This case was filed more than eight years ago. The parties have litigated numerous claims under four patents. A jury verdict of $135 million was set aside, and that decision was not appealed. On one claim of U.S. Patent No. 4,407,288, however, the Federal Circuit has remanded this action for reconsideration of one claim construction issue and for a possible new trial of that one claim. *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 381 F.3d 1371 (Fed. Cir. 2004). Upon remand, the parties disagreed as to whether the case should be assigned to a new

district judge. On February 7, 2005, I issued an entry stating my decision to retain this case on my docket after the remand from the Federal Circuit. I found that Local Rule 40.1(i) and Seventh Circuit Rule 36 did not apply by their terms to require reassignment in this case, and that controlling law did not otherwise require reassignment. Plaintiffs then moved for reconsideration, as I had invited in case I had overlooked any important law or other considerations not raised in the original briefing.

As explained below, I find that reconsideration is appropriate and that the case must be reassigned based on existing precedent from the Federal Circuit. I also find that the issue turns on a question of law that is suitable for interlocutory appeal under 28 U.S.C. § 1292(b). There are substantial grounds for disagreement, and an immediate resolution of the issue may materially advance the ultimate termination of this litigation, either by avoiding the need for a third trial or by avoiding the need to require a new district judge to undertake the effort needed to prepare for a new trial in this case. Also, the controlling question of law is straightforward and could be resolved easily by the Federal Circuit. A definitive resolution would assist parties, counsel, other district courts, and perhaps the Federal Circuit itself in patent cases tried in the district courts within the Seventh Circuit.

*Discussion*

Plaintiffs have not tried to assert that I have any bias that would require reassignment. However, plaintiffs have renewed and elaborated in more detail their argument that controlling decisions of the Federal Circuit require the court to apply Seventh Circuit Rule 36, so that reassignment to another judge is required. Plaintiffs had presented that argument earlier, but the motion to reconsider supported that argument with additional case law and the practices of other districts. The Federal Circuit applies regional circuit law on "procedural matters not unique to the areas that are exclusively assigned to the Federal Circuit." *National Presto Indus. v. West Bend Co.*, 76 F.3d 1185, 1188 n.2 (Fed. Cir. 1996), quoted in *Cardiac Pacemakers, Inc. v. St. Jude Medical, Inc.*, 381 F.3d 1371, 1378 n.2 (Fed. Cir. 2004) (citing Seventh Circuit case on standard for judgment as a matter of law). The Federal Circuit has held that this general principle applies specifically to deciding whether a new trial judge should handle a case after remand, so that regional circuit law applies to the issue. *E.g., International Rectifier Corp. v. IXYS Corp.*, 361 F.3d 1363, 1377 (Fed. Cir. 2004); *Micro Chemical, Inc. v. Lextron, Inc.*, 318 F.3d 1119, 1122 (Fed. Cir. 2003).

Circuit Rule 36 of the United States Court of Appeals for the Seventh Circuit is at least unusual; it may be unique. It provides that, absent a specific directive to the contrary, a case remanded by the Seventh Circuit for a new trial shall be reassigned to a different district judge.[1] As plaintiffs view the issue, Circuit Rule

---

[1] Seventh Circuit Rule 36 provides:

(continued...)

36 supplies the governing law of the regional circuit and should be deemed to apply to cases remanded by the Federal Circuit. Plaintiffs also point out that the Northern District of Illinois has adopted a local rule that expressly applies Seventh Circuit Rule 36 to remands for new trials from the Federal Circuit. Also, other district courts within this circuit have reassigned patent cases on remand for a new trial, at least on a case-by-case basis.

Defendants oppose reconsideration and reassignment. They point out that neither Seventh Circuit Rule 36 nor this court's Local Rule 40.1(i) apply here by their terms.[2] Defendants also point out that the plaintiffs had ample opportunity to ask the Federal Circuit to order reassignment but never did so. Defendants also contend that considerations of judicial economy weigh against reassignment

---

[1](...continued)
Whenever a case tried in a district court is remanded by this court for a new trial, it shall be reassigned by the district court for trial before a judge other than the judge who heard the prior trial unless the remand order directs or all parties request that the same judge retry the case. In appeals which are not subject to this rule by its terms, this court may nevertheless direct in its opinion or order that this rule shall apply on remand.

[2]Local Rule 40.1(i) of the Southern District of Indiana provides:

Unless the remand order directs otherwise, following the docketing of a mandate for a new trial pursuant to Seventh Circuit Rule 36 and allowing fifteen (15) days thereafter within which all parties may file their request that the Judge previously assigned to the case retry the case, the Clerk shall reassign the case to another Judge selected by random lot.

in the absence of bias. Patent cases, because of their complexity, present good reasons for avoiding reassignment when not needed to ensure fair adjudication.

I agree with defendants that Seventh Circuit Rule 36 and Local Rule 40.1(i) do not apply here by their own terms and therefore do not require reassignment. Also, in the absence of any showing of bias, I would not order reassignment because of the burden that reassignment would impose on another district judge. I am now satisfied, however, that Federal Circuit precedent requires reassignment.

In *International Rectifier Corp. v. IXYS Corp.*, 361 F.3d 1363, 1377 (Fed. Cir. 2004), the Federal Circuit addressed an explicit request for remand to another judge:

> Because requests for remand to another judge are outside the exclusive purview of patent law, we review IXYS's request under the standard of the Ninth Circuit. *Midwest Indus., Inc. v. Karavan Trailers, Inc.*, 175 F.3d 1356, 1359 (Fed. Cir. 1999) (*en banc* in relevant part) (stating that "with respect to nonpatent issues we generally apply the law of the circuit in which the district court sits").

361 F.3d at 1377. That statement is consistent with the Federal Circuit's pronouncements in *Micro Chemical, Inc.*, 318 F.3d 1122 ("The requested reassignment to a different trial judge on remand invokes a matter not within the exclusive jurisdiction of this court. Therefore, on this question, this court applies the law of the United States Court of Appeals for the Tenth Circuit."). Those statements are consistent with the Federal Circuit's actions in *Juicy Whip, Inc. v.*

*Orange Bang, Inc.*, 382 F.3d 1367, 1374 (Fed. Cir. 2004) (citing Ninth Circuit law in denying request for reassignment).

In the *Midwest Industries* case cited in *International Rectifier*, the Federal Circuit explained its approach to the choice between regional circuit law and development of its own law:

> When we apply regional circuit law to nonpatent issues, we do so in order to avoid the risk that district courts and litigants will be forced to select from two competing lines of authority based on which circuit may have jurisdiction over an appeal that may ultimately be taken, and to minimize the incentive for forum-shopping by parties who are in a position to determine, by their selection of claims, the court to which an appeal will go.

175 F.3d at 1359; accord, *Atari, Inc. v. JS & A Group, Inc.*, 747 F.2d 1422, 1440 (Fed. Cir. 1984) (*en banc*) (noting need for clarity and explaining that the concept of applying regional circuit law to nonpatent issues is based "more on systemic practicality than on judicial humility"), overruled on other grounds, *Nobelpharma AB v. Implant Innovations, Inc.*, 141 F.3d 1059 (Fed. Cir. 1998).

The issue here appears to be unique to patent cases arising from district courts in the Seventh Circuit. Apparently, no other regional circuit uses reassignment as the default procedure for cases remanded for new trials. The Federal Circuit has not addressed the specific issue presented here for cases arising within the Seventh Circuit, at least for cases remanded for new trials. (In *Chou v. University of Chicago*, 254 F.3d 1347, 1366 (Fed. Cir. 2001), the Federal

Circuit cited Supreme Court authority in denying a request for reassignment of a new judge after remand, but the case did not involve a remand after trial for a new trial. The reassignment presumption in Seventh Circuit Rule 36 therefore did not come into play.)

Upon further consideration of the issue, I am not convinced that the distinction I drew in my previous decision between the case law of the Seventh Circuit and the procedural rules of the Seventh Circuit is as solid as I had thought. Seventh Circuit Rule 36 can easily be deemed the law of the regional circuit governing reassignment after remand, even though it does not prescribe standards and does no more than establish different default rules depending on the nature of the remand. At the same time, Seventh Circuit Rule 36 does not appear to fall within the rationale for these choices by the Federal Circuit, for the reassignment of a judge on remand is indisputably a matter within the full control of the appellate court. Policy arguments can be made in favor of either result. Reassignment can ensure that the second trial will not be affected by the judge's prior views on the subject. On the other hand, the complexity and long learning curves presented by patent cases could make the Federal Circuit reluctant to require reassignment of cases to different district judges on remand.[3]

---

[3]The Federal Circuit has recognized such considerations in rejecting requests for reassignments in the absence of evidence of bias. *E.g.*, *Juicy Whip*, 382 F.3d at 1374 ("district court judge is quite familiar with the parties and the issues, and reassignment would only result in a waste of judicial resources"); *Micro Chemical*, 318 F.3d at 1126 ("This judge knows the record better than any other trial judge.").

(continued...)

In any event, resolution of this policy choice, either on a broad basis or a case-by-case basis, is the responsibility of the appellate courts. The role of district courts, counsel, and parties is simply to follow clear directions on the issue.

If the issue is squarely presented to the Federal Circuit, it may decide that Seventh Circuit Rule 36 falls outside the scope of its repeated declarations that regional circuit law governs the issue of reassignment of cases to different judges. Cf. *Genentech, Inc. v. Eli Lilly and Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) (declining to apply Seventh Circuit procedural precedent in forum selection issue and opting for uniform national rule in patent cases), overruled on other grounds, *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). Or perhaps the Federal Circuit could make it a regular practice to address the issue of reassignment specifically in cases arising from within the Seventh Circuit. Thus far, however, the Federal Circuit has addressed the choice of law for reassignment on remand only in sweeping terms, without exception. Therefore I do not believe I have any discretion but to order reassignment.

---

³(...continued)
By contrast, the Seventh Circuit appears to have adopted Circuit Rule 36 and its predecessor rule based on policy considerations focused on criminal cases, including recommendations of an American Bar Association committee. See *United States v. Crovedi*, 467 F.2d 1032, 1038 & n.17 (7th Cir. 1972), citing *United States v. Parker*, 447 F.2d 826, 829 (7th Cir. 1971) (quoting report at n.4: "Having heard evidence which satisfied a jury of a defendant's guilt beyond a reasonable doubt, the judge sitting at the second trial might well have such a fixed belief concerning the merits. Accordingly, he should give serious consideration to the question whether his presiding at a retrial would create at least an appearance of prejudice.").

For these reasons, plaintiffs' motion for reconsideration is hereby granted, and the court grants plaintiffs' request for reassignment. The clerk shall assign a new district judge to the case by random draw for Indianapolis Division civil cases.

I also find that the question presented here is one that meets the criteria for an interlocutory appeal under 28 U.S.C. § 1292(b). As the parties' briefs and my own changed views indicate, there is substantial ground for difference of opinion on the controlling question of law. That controlling question is whether Seventh Circuit Rule 36 applies to a remand by the Federal Circuit for a new trial of a patent case so as to require reassignment to a different district judge unless the Federal Circuit has expressly directed otherwise, and in the absence of any showing of bias on the part of the original district judge.

I find that an immediate appeal of this order may materially advance the ultimate termination of this litigation. If I were to deny reassignment and preside over a second trial in this case, there is a substantial risk that the Federal Circuit would need to order a third trial. The waste of scarce time and resources would be substantial. By ordering reassignment, I reduce the risk of a third trial, but the reassignment will impose on another district judge the burden of climbing a fairly long learning curve in a complex case with a long history. Also, a decision to order reassignment is unlikely to present a ground for appeal after a second trial. All can assume that the new judge would be unbiased and would give the

parties a fair trial, even if he or she would need to do a substantial amount of additional work.

I also find that an immediate appeal of this order is likely to serve the interests of justice more broadly. The question presented here is one that can arise often for cases tried in the district courts within the Seventh Circuit, especially in view of the growth of patent litigation and the relatively high reversal rate for patent cases. A definitive ruling from the Federal Circuit on this simple and practical question would be useful to the district courts in this circuit, as well as to counsel and litigants, and perhaps even to the Federal Circuit itself. An interlocutory appeal in one case is the best procedure for resolving this question. As in this case, obtaining a ruling on the question through an appeal after a second trial before the same judge poses a substantial risk of a third trial and wasted time and resources. Also, it is likely to be difficult to obtain an answer after a second trial before a different judge, despite the costs to judicial efficiency imposed by reassignment. It is unlikely that the reassignment would have denied the parties a fair trial, though the reassignment would have imposed substantial costs on the judicial system.

A case cited by plaintiffs illustrates the potential benefits of an interlocutory appeal here. *Caterpillar, Inc. v. Sturman Industries, Inc.*, 387 F.3d 1358 (Fed. Cir. 2004), reversed and remanded a patent case for a new trial in the Central District of Illinois. After the Federal Circuit issued its opinion on the merits, the

appellants asked the Federal Circuit to order reassignment pursuant to Seventh Circuit Rule 36. The parties argued precisely the same precedents and issues that the parties have addressed here. See Motion of Defendants/Appellants for Order Directing Reassignment to Different Judge for Purposes of Retrial and Plaintiff's Opposition, No. 03-1444 (Fed. Cir. Dec. 9, 2004 and Dec. 16, 2004). The Federal Circuit denied the motion, but it did so without explanation in an unpublished order that did not establish citable precedent. *Caterpillar, Inc. v. Sturman Industries, Inc.*, No. 03-1444 (Fed. Cir. Dec. 30, 2004). Even for the parties and district court in *Caterpillar* itself, it was not obvious whether the Federal Circuit's denial indicated an intent to rely on application of Seventh Circuit Rule 36 or an intent that the case go back to the original district judge. The parties then argued the issue of reassignment in the district court. The original district judge referred the issue to the chief judge of the district, who ordered reassignment, also without explanation. See Pls. Motion to Reconsider, Electronic Docket No. 11 at 7-8 & Ex. G.[4]

In any other case where the same issue arises, such as *Caterpillar*, the same unsavory alternatives would be available to the district court: take a chance on a third trial or require a new judge to learn the case, even if that was not the Federal Circuit's intention. The Federal Circuit could advance the termination of this litigation and could provide important guidance for other district courts and

---

[4]The unpublished order in *Caterpillar, Inc.* also implicitly supports the finding that there is substantial ground for disagreement on the applicability of Seventh Circuit Rule 36 to cases remanded from the Federal Circuit.

parties by addressing this issue definitively on an interlocutory basis. Accordingly, this order for reassignment shall take effect no sooner than May 27, 2005. If timely application is made to the Federal Circuit pursuant to 28 U.S.C. § 1292(b), I will stay this order pending a decision on the application.

So ordered.

Date: May 4, 2005

DAVID F. HAMILTON, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Y. Ernest Hsin
GIBSON DUNN & CRUTCHER LLP
ehsin@gibsondunn.com cpierce@gibsondunn.com

J. Michael Jakes
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER
mike.jakes@finnegan.com

H. Mark Lyon
GIBSON DUNN & CRUTCHER LLP
mlyon@gibsondunn.com vallen@gibsondunn.com

Richard R. McDowell
HILL FULWIDER MCDOWELL FUNK & MATTHEWS
dick@hfmfm.com phyllis@hfmfm.com

Thomas Eugene Mixdorf
ICE MILLER
thomas.mixdorf@icemiller.com maryellen.dugan@icemiller.com

Michael Andre Morin
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
michael.morin@finnegan.com

Arthur Irwin Neustadt
OBLON SPIVAK MCCLELLAND MAIER & NEUSTADT
aneustadt@oblon.com

Michael Vincent O'Shaughnessy
FINNEGAN HENDERSON FARABOW GARRETT & DUNNER LLP
oshaughm@finnegan.com

Jeffrey M. Olson
SIDLEY AUSTIN BROWN & WOOD LLP
jolson@sidley.com ngregg@sidley.com

Mark Andrew Perry
GIBSON DUNN & CRUTCHER LLP
mperry@gibsondunn.com

Denis R. Salmon
GIBSON DUNN & CRUTCHER LLP
dsalmon@gibsondunn.com msawyier@gibsondunn.com

John R. Schaibley, III
BAKER & DANIELS
jrschaib@bakerd.com wjmoore@bakerd.com;eawalpol@bakerd.com

David A. Segal
GIBSON DUNN & CRUTCHER LLP
dsegal@gibsondunn.com mpeck@gibsondunn.com

Robert K. Stanley
BAKER & DANIELS
rkstanle@bakerd.com

Kara Farnandez Stoll
FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP
kara.stoll@finnegan.com

Jay G. Taylor
ICE MILLER
jay.taylor@icemiller.com

Philip A. Whistler
ICE MILLER
philip.whistler@icemiller.com cyndi.timm@icemiller.com

Daniel P. Muino
GIBSON DUNN & CRUTCHER, LLP
One Montgomery Street
San Francisco, CA 94104