UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CARDIAC PACEMAKERS, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:96-cv-1718-DFH-TAB |
| | ) | |
| ST. JUDE MEDICAL, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER ON DEFENDANTS' MOTION TO SEAL

Defendants' motion to seal [Docket No. 205] puts the Court in the all-too-familiar position of reviewing overbroad and unsupported requests to file documents under seal. A review of Defendants' motion demonstrates its shortcomings.

By way of this motion, Defendants seek to file under seal: (1) Defendants' motion to compel discovery; (2) all exhibits to the motion (consisting of discovery responses and an entire deposition transcript); and (3) the proposed order granting the motion to seal. Defendants' two-page motion (one of which is merely a signature page) fails to establish good cause for sealed filings as required by Fed. R. Civ. P. 26(c). The only asserted basis for the motion is a June 19, 1997 protective order. But the motion does not indicate in what way this nearly 10-year-old protective order provides good cause for the requested sealed filings.

A review of the exhibits Defendants seek to file under seal demonstrates why Defendants' motion gives the Court pause. Exhibit 1 is Plaintiffs' objections and responses to Defendants' sixth request for production of documents. There is nothing confidential about this document. Rather, this discovery response is essentially a series of objections or non-substantive

responses. There is no meat on this discovery bone, and certainly nothing worthy of being sealed.

Exhibit 2 is the entire 189-page deposition of Sidney Silver (including the index/concordance). Why would this entire deposition need to be filed under seal? (For that matter, why was the entire deposition filed, rather than merely the specific pages referenced in Defendants' motion to compel? The answer is illusive.) The motion to seal does not say why the entire deposition should be sealed, except to reference the previously mentioned, aging protective order. So the Court is left to guess.

Presumably one party's counsel marked Silver's deposition as "confidential" under the protective order, making opposing counsel reluctant to file any portion of the deposition (or in this case, the entire deposition) unless under seal. Even if this is what occurred, marking a document "confidential" does not mean that opposing counsel is stuck with this designation for the life of the case and must thereafter blindly seek to have any such document filed under seal.

Rather, counsel has an obligation to discuss whether a document marked "confidential" is truly deserving of this continued designation once the document needs to be filed with the Court. Experience has shown that counsel routinely mark documents as "confidential" during discovery as a precautionary (or at least as a time-saving) measure, but that upon closer scrutiny at a later date the potential confidentiality of the document falls away. The Court cannot determine whether that is what occurred in this case. What is clear, however, is that a passing reference to the protective order is a wholly inadequate basis to support sealing a 189-page deposition. After all, is it really confidential that the word "thanks" appears twice in Silver's deposition – on pages 133 and 173? Of course not. If there is something more sensitive in Silver's deposition (and

certainly there could be, given the nature of this litigation), counsel needs to sufficiently demonstrate this to support sealing any portion of the deposition.

 Defendants also seek to file their motion to compel and accompanying order under seal. While perhaps there is something in this motion that might justify redacting a portion of it (and filing an unredacted copy under seal), a review of the brief does not support this possibility. Likewise, a review of Defendants' proposed order provides no justification for sealing this order. This is not surprising, given that, as set forth above, there is no apparent justification for sealing any of the documents referenced in the motion to seal.

 Finally, the Court notes that Plaintiffs responded to the motion to compel without seeking to file their response under seal. Nor did Plaintiffs seek to seal any of the six exhibits (consisting of approximately 60 pages) submitted in support of their response. (This is true even though one of the exhibits -- excerpts from a deposition of Curtis Kimball -- is marked "confidential.") [Docket No. 210, Ex. D.] Plaintiffs' recognition that their response to the motion to compel need not be sealed further underscores the Court's concerns that Defendants' motion to seal is misplaced.

 Defendants' motion to seal ignores the limitations on sealed filings noted above and repeatedly emphasized by the District Courts in the Seventh Circuit and by the Seventh Circuit Court of Appeals. *See, e.g.*, *KnowledgeAZ, Inc. v. Jim Walter Resources, Inc.*, No. 05-1019-DFH-TAB at 1 (S.D. Ind. June 28, 2006) (Baker, M.J.) ("Any request to seal any portion of the record will be closely scrutinized and must be rigorously justified."); *Rochlin v. Cincinnati Ins. Co.*, 2006 WL 897894 at *1 (S.D. Ind. 2006) (Hamilton, J.) (denying request to seal the record where information "was never a trade secret and is now more than four years old"); *Rochester*

*Community School Corp. v. Honeywell, Inc.*, 06-351-RLM-CAN at 1 (N.D. Ind. Oct. 19, 2006) (Nuechterlein, M.J.) (denying proposed protective order and stating that "this Court cannot serve as a rubber stamp whenever parties wish to seal public records...."); *Hicklin Engineering v. R.J. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006) ("What happens in federal court is presumptively open to public scrutiny."); *Baxter Intern., Inc. v. Abbott Laboratories*, 297 F.3d 544, 546 (7th Cir. 2002) (secrecy cannot be supported simply by agreement or because the documents in question are commercial documents); *Union Oil Co. Of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000) ("People who want secrecy should opt for arbitration."); *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) ("standardless, stipulated, permanent, frozen overbroad blanket order[s]" are to be avoided).

As noted at the outset of this order, all too frequently this Court finds itself reviewing overbroad and unsupported requests to file documents under seal. Lest practitioners suspect the Court is overstating its case, counsel in one case recently filed a motion seeking to file excerpts from the Federal Register under seal. The Court denied this request, *Petroleum Helicopters, Inc. v. Rolls-Royce Corporation,* 05-1349 (S.D. Ind. Nov. 14, 2006), but the fact that such a motion was filed evidences the problems Courts often encounter with requests to seal the record. The Court hopes all practitioners more carefully consider and appropriately limit motions to seal, as well as the proposed protective orders that give rise to these issues.

For these reasons, Defendants' motion to seal [Docket No. 205] is denied. Defendants' motion, exhibits, and proposed order will be unsealed in 10 days unless, prior to that date, Defendants supplement their motion in a way that establishes the requisite good cause. Any

attempt to do so, however, shall be undertaken with due regard of this order and the referenced authorities.

Dated: 01/16/2007

_____

Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Frederick Brown
GIBSON DUNN & CRUTCHER LLP
fbrown@gibsondunn.com

Barry J. Herman
OBLON SPIVAK McCLELLAND MAIER
& NEUSTADT P.C.
bherman@oblon.com

J. Michael Jakes
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER
mike.jakes@finnegan.com

H. Mark Lyon
GIBSON DUNN & CRUTCHER LLP
mlyon@gibsondunn.com

Richard R. McDowell
HILL FULWIDER MCDOWELL FUNK &
MATTHEWS
dick@hfmfm.com

Michael T. McNally
ICE MILLER LLP
mcnally@icemiller.com

Thomas Eugene Mixdorf
ICE MILLER LLP
thomas.mixdorf@icemiller.com

Michael Andre Morin
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER LLP
michael.morin@finnegan.com

Daniel Pierre Muino
GIBSON DUNN & CRUTCHER LLP
dmuino@gibsondunn.com

Michael Vincent O'Shaughnessy
FINNEGAN HENDERSON FARABOW
GARRETT & DUNNER LLP
oshaughm@finnegan.com

Jeffrey M. Olson
SIDLEY AUSTIN LLP
jolson@sidley.com

Denis R. Salmon
GIBSON DUNN & CRUTCHER LLP
dsalmon@gibsondunn.com

John R. Schaibley III
BAKER & DANIELS
jrschaib@bakerd.com

David A. Segal
GIBSON DUNN & CRUTCHER LLP
dsegal@gibsondunn.com

Robert K. Stanley
BAKER & DANIELS
rkstanle@bakerd.com

Kara Farnandez Stoll
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, LLP
kara.stoll@finnegan.com

Jay G. Taylor
ICE MILLER LLP
jay.taylor@icemiller.com

Philip A. Whistler
ICE MILLER LLP
philip.whistler@icemiller.com